```
UNITED STATES DISTRICT COURT                    FILED              ORIGINAL
EASTERN DISTRICT OF NEW YORK              IN CLERK'S OFFICE
-----------------------------------------x U.S. DISTRICT COURT E.D.N.Y.
NIJEL BELL,                                 ★ JUL 16 2009 ★

                          Plaintiff,        BROOKLYN OFFICE
                                            MEMORANDUM AND ORDER
           -against-                        Case No. 08-CV-2913(FB)(VVP)

CITY OF NEW YORK,

                          Defendant.
-----------------------------------------x
```

*Appearances:*
For the Plaintiff:                          For the Defendant:
PAUL KOENIGSBERG, ESQ.                      KENNETH S. SASMOR, ESQ.
Koenigsberg & Associates                    MARIE A. BONITATIBUS
1213 Avenue U                               New York City Law Department
Brooklyn, NY 11229                          100 Church Street
                                            New York, NY 1000

**BLOCK, Senior District Judge:**

On October 15, 2003, plaintiff Nijel Bell ("Bell") was on board the Staten Island Ferry vessel *Andrew J. Barberi* when it crashed full-speed into a concrete pier at the St. George ferry terminal ("the accident"). Defendant City of New York's ("the City") liability for the accident is settled. *See In re City of New York*, 475 F. Supp. 2d 235 (E.D.N.Y. 2007), *aff'd*, 522 F.3d 279 (2d Cir. 2008). Bell claims to have suffered a debilitating knee injury as a result of the crash; the City contests that Bell's injury was caused by the accident. Bell seeks damages for lost wages, past and future pain and suffering, and future medical expenses.[1]

A bench trial as to the issue of causation and as to damages was held on May

---

[1] Bell's attorney did not state that Bell was seeking *past* medical expenses, and there was no testimony at trial on that subject.

28-29 and June 19, 2009. At the trial, the Court heard testimony from Bell; Bell's treating surgeon, Dr. Howard Baum ("Dr. Baum"); Bell's physiatrist, Dr. Yury Koyen; Bell's physical therapist, Jose Libo Medida; and the City's medical expert, Dr. Herbert Sherry ("Dr. Sherry"). In particular, Dr. Baum testified that, within a reasonable degree of medical certainty, Bell's injuries were caused by the accident; Dr. Sherry testified that, within a reasonable degree of medical certainty, Bell's injuries could not have been caused by the accident. The parties also submitted as evidence various x-rays, medical reports and records.

The following are the Court's combined findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure 52.

1. Bell suffers from chondromalacia of the lateral tibial plateau of his left knee. *See* Tr. at 45:25-46:1.

2. Bell's chondromalacia was proximately caused by the accident. The Court bases its conclusion on the following:

   a. Dr. Baum's demeanor at trial was highly credible.

   b. Dr. Baum was Bell's treating surgeon, and as Dr. Sherry conceded, "the doctor . . . in the best position to evaluate and diagnose what a particular condition is would be the operative surgeon as opposed to another surgeon that did not perform an operation[.]" Tr. at 106:22-107:1.[2]

   c. At the time of Bell's surgery on December 8, 2003, Dr. Baum noted in his report that Bell's condition was "unusual" for a male of Bell's age and that "the etiology of [the condition] was post-traumatic in

---

[2] "Tr." refers to the transcripts of the proceedings on May 28 and 29, 2009.

2

nature." Ex. Binder, Tab 5.[3] This assessment, which was made less than two months after the accident, is less likely to be colored by this litigation than Dr. Sherry's assessment, which was not made until October 18, 2007. *See* Ex. Binder, Tab 7.

3. As a result of the accident, Bell could no longer physically perform his then-current jobs as a security guard and a freight handler for UPS.

4. The Court credits Dr. Baum's testimony that Bell was incapable of performing any job from the date of the accident until March 8, 2003, i.e., three months after his arthroscopic surgery. *See* Tr. at 68:22-69:3.

5. The Court credits Dr. Baum's testimony that Bell was capable of working – at least at a sedentary job – beginning three months after the accident. *See* Tr. at 70:7-9.

6. To this day, Bell has not pursued alternative employment because he "ha[sn't] found a job [he's] interested in right now," and is being supported by his girlfriend. Tr. at 37:1.

7. Accordingly, Bell is entitled to $6,187.00 in lost wages for the three-month period during which he was unable to work. *See* Tr. at 131:15-17 (counsel for both parties stipulating that, should the Court find that three months' lost wages is appropriate, $6,187.00 is the appropriate sum).

---

[3] According to Dr. Baum, "[c]hondromalacia [of the] *patella* is usually the chondromalacia that happens with exercise [or] overuse . . . ." Tr. at 58:15-16 (emphasis added). Bell did not have chondromalacia of the patella, but rather, chondromalacia of the tibia plateau. According to Dr. Baum, "it is not very common for men to have global chondromalacia of an entire lateral tibial plateau," as Bell did; this prompted Dr. Baum to conclude at the time of Bell's surgery that the condition was "post traumatic in nature." Tr. at 47:17-25.

3

8. "[A]lthough no precise rule can be formulated to measure pain and suffering..., an analysis of comparable injuries and the decisions those judges and juries rendered provides appropriate guidance." *Goldstein v. United States*, 9 F. Supp. 2d 175, 188 (E.D.N.Y. 1998); *see also Martell v. Boardwalk Enters., Inc.*, 748 F.2d 740, 750 (2d Cir. 1984) ("[P]rior awards may guide and enlighten the court[s] in the exercise of their discretion." (internal quotation marks omitted) (alteration in original)).

9. The Court has collected 35 personal-injury cases involving plaintiffs suffering from chondromalacia. *See* Appendix A (List of Cases).[4] The lowest pain-and-suffering award was $2,981.26 and the highest was $745,142.85. *See id.*[5] The average pain-and-suffering award in such cases was $161,603.69, and the median award was $94,126.76. Fifty percent of the awards were between $39,944.37 and $220,470.10.

10. Only 12 of the 35 cases specified the plaintiff's age at the time of injury; of these 12 cases, the average age was 36. In these 12 cases, the average pain-and-suffering damage award was $198,823.07.

11. In only two of the 35 cases did the court break the pain-and-suffering award into separate past and future components. In the majority of cases where the courts found that the plaintiff would experience future pain and suffering, the courts awarded a single lump sum for past and future pain and suffering. In this case, neither party has

---

[4] Of course, not all cases of chondromalacia are equal; furthermore, the damage awards in some of these cases reflect injuries in addition to chondromalacia. The Court has borne these caveats in mind in arriving at a specific award for pain and suffering.

[5] All figures listed have been adjusted for inflation.

4

specifically requested that the Court break its pain-and-suffering award into past and future components, and the Court considers it unnecessary to do so.

12. The Court credits Dr. Baum's testimony that Bell's chondromalacia will gradually worsen with time and that it stands no chance of improving. *See* Tr. at 71:1-15.

13. Bell was born on June 28, 1979. *See* Tr. at 6:6-7. The Court takes judicial notice that, as a 29-year-old man, Bell is statistically expected to live for an additional 47.53 years. *See* United States Social Security Administration, Period Life Table, *at* http://www.ssa.gov/OACT/STATS/table4c6.html.

14. Based on Bell's trial testimony, the trial exhibits, Dr. Baum's testimony regarding Bell's prognosis, and the awards in comparable cases, the Court finds that Bell is entitled to $235,000.00 for his past and future pain and suffering.

15. The Court's combined pain-and-suffering award, $235,000.00, falls somewhat above the average award in the 35 cases which the Court has collected ($161,603.69) and the average award in the 12 of those cases where the plaintiff's age was provided ($198,823.07). This is appropriate because Bell is younger than the average plaintiff in those cases, and his longer remaining life expectancy means that he will experience a longer period of future pain and suffering.

16. The Court credits Dr. Baum's testimony that, to a reasonable degree of medical certainty, Bell's future medical expenses will total "about 75 [thousand dollars]." *See* Tr. 54:25-55:9, 75:22-76:4. In light of this, the Court finds that Bell is entitled to $75,000 in future medical expenses.

5

## CONCLUSION

For the foregoing reasons, the Court awards Bell $316,187.00 in damages, consisting of $6,187.00 in lost wages, $75,000.00 for future medical expenses, and $235,000.00 for pain and suffering.

**SO ORDERED.**

S/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 14, 2009

# APPENDIX A

# LIST OF COMPARABLE CASES[1]

**$1,500 ($2,981.26 with inflation):** male automobile passenger sustained minor knee injury; diagnosed with chondromalacia; good prognosis. No age given. *Clarke v. Progressive Am. Ins. Co.*, 469 So. 2d 319 (La. App. 1995).

**$5,000 ($10,735.74 with inflation):** guest passenger, with pre-existing chondromalacia of patella, in automobile rear-ended by another automobile, bumped her knees against dashboard and also sustained mild cervical sprain; physician testified plaintiff had experienced intermittent problems with her knees since then and that pre-existing condition made her more susceptible to injury than person with healthy knees; plaintiff testified she had experienced greater pain with increasing frequency since accident, and some activities had been curtailed. No age given. *Johnson v. Carter*, 430 So. 2d 1163 (La. App. 1983).

**$4,000 ($14,115.91 with inflation):** automobile accident; cervical and lumbar strain; chondromalacia of patella with anticipated trouble for 18 months to 2 years. No age given. *Potts v. Hollier*, 344 So. 2d 70 (La. App. 1977).

**$5,000 ($17,644.88 with inflation):** woman injured in collision; injured knee and lower back; severe swelling and tenderness of knee; complaints of knee giving out; condition diagnosed as chondromalacia of kneecap, bursitis, tendonitis; future cortisone injections required. No age given. *Smith v. Cas. Reciprocal Exch.*, 345 So. 2d 572. (La. App. 1977).

**$10,000 ($19,875.09 with inflation):** bus driver injured in slip and fall accident at grocery store; pre-existing condition of chondromalacia aggravated by accident. No age given. *King v. Nat'l Tea Co.*, 479 So. 2d 383 (La. App. 1985).

**$20,000 ($28,065.09 with inflation):** accident in which their vehicle was rear-ended; husband was initially diagnosed as suffering from lumbar and cervical strain, and he was later diagnosed with bilateral foraminal stenosis, which is tightened or reduced spinal canal, as well as with torn cartilage and chondromalacia in knee, which required surgery. No age given. *Gage v. Potts*, 653 So. 2d 1183 (La. App. 1995).

**$7,500 ($28,188.40 with inflation):** backhoe operator injured knee in car accident; chondromalacia of the patella; returned to physically demanding work within a month of accident. No age given. *Staiano v. Cronk*, 378 N.Y.S.2d 542 (N.Y. App. Div. 1976).

---

[1] This list was adapted from 13 A.L.R. 4th 212 ("Excessiveness or Adequacy of Damages Awarded for Injuries to Legs and Feet"). Although, for reasons unknown, judgments from the Louisiana state courts are disproportionately well represented in that annotation, chondromalacia cases from eight other states appear as well, including six cases from the New York state courts.

**$25,000 ($36,075.57 with inflation):** 55-year-old bus passenger injured when rear doors of bus closed on her; passenger sustained ecchymosis of right knee, crepitus of right knee, knee strain, right hip strain, right ankle strain, strain of three metacarpal joints of right hand, and active chondromalacia of both knees. *Guillen v. Transit Mgmt.*, 648 So. 2d 487. (La. App. 1994).

**$6,500 ($39,944.37 with inflation):** 12-year-old girl injured in automobile accident; contusion of anterior outer aspect of upper leg just below knee joint; developed pain in knee requiring subsequent operation which revealed degeneration behind cartilage in kneecap and enlargement of normal fat pad over lateral side of joint, diagnosed as chondromalacia of patella; condition corrected surgically; hospitalized 1 week, confined to bed 1 month, and required to use crutches for another month, during which time she wore long leg cast from ankle to hip; thereafter returned to dancing lessons intending career in dancing; subsequently, return of condition indicated, with possible future operation required. *Olivier v. Gulf Ins. Co.*, 216 So. 2d 381 (La. App. 1968).

**$20,000 ($42,942.97 with inflation):** offshore oil worker involved in automobile accident, sustaining injuries to neck and left knee; as result of trauma, knee developed chondromalacia, thereby weakening and necessitating steroid injections and eventually surgery; 20 percent loss of function of left knee and ten percent loss of function of left leg; plaintiff able to return to former work at similar salary. No age given. *Lewis v. Horace Mann Ins. Co.*, 442 So. 2d 526 (La. App. 1983).

**$7,500 ($43,703.54 with inflation):** young girl injured in automobile accident; minute fractures of backside of knee cartilage, leading to a degeneration of cartilage itself, i.e., chondromalacia; condition expected to worsen; surgery may be required in future; residual disability to leg 15 percent. No specific age given. *Cavalier v. State Farm Ins. Co.*, 224 So. 2d 22 (La. App. 1969).

**$25,500 ($43,978.45 with inflation):** woman injured in auto accident developed chondromalacia in right knee, condition was permanent and restricted woman from performing tasks which required bending of knee. *Akin v. Estate of Patti*, 540 N.Y.S.2d 397. (N.Y. App. Div. 1989).

**$20,000 ($44,322.49 with inflation):** plaintiff injured in bus accident; plaintiff suffered fracture of left knee producing chondromalacia; testimony indicated that injury rendered her 15 percent permanently disabled; plaintiff suffered significant degree of pain for extended period of time. No age given. *Burnell v. Sportran Transit Sys. Co.*, 421 So. 2d 1199 (La. App. 1982).

**$10,000 ($64,028.74 with inflation):** 44-year-old woman injured in fall in store; fracture of left patella; in cast for 5 weeks; developed posttraumatic arthritic condition; final diagnosis was post chondromalacia of the patella and an ununited fracture of the lateral tibial spine; condition of knee interfered with work and recreation. *Koehler v. Great Atl. & Pac. Tea Co.*, 232 N.E.2d 780 (Ill. App. 1967).

**$40,000 ($75,301.41 with inflation):** woman injured as result of battery; suffered from chondromalacia in both knees; surgery possibly required; eight to ten percent permanent physical impairment of both legs; difficult to bowl or dance. No age given. *Powell v. A. Copeland Ents., Inc.*, 508 So. 2d 849. (La. App. 1987).

**$20,000 ($86,757.00 with inflation):** 34-year-old carpetlayer injured in car accident; suffered torn meniscus of left knee and chondromalacia of left patella; contusions of face, chest, and both legs and knees; pain in neck; wore leg cast for 3 weeks after operation for removal of torn meniscus. Later suffered twisting injury to right knee when left knee collapsed; torn medial meniscus removed from right knee; residual disability 50 percent in left knee and 20 to 15 percent in right knee; severe pain continues and left knee occasionally locks or gives way; unable to work in prior capacity and has been unemployed since accident. *Picou v. Highlands Ins. Co.*, 298 So. 2d 307 (La. App. 1974).

**$22,000 ($87,450.41 with inflation):** 20-year-old tomato packer injured in accident; open compound fracture of tibia; fracture of humerus; large laceration of scalp; circumferential lacerations of leg; in wheelchair 1 month after hospitalization and on crutches 2 months thereafter; 15-percent permanent disability of leg, which was more susceptible to further injury; chondromalacia of the knee, likely to cause problems later in life; swelling and pain in leg upon prolonged standing. *Jasper v. Coca-Cola Bottling Co.*, 324 So. 2d 865 (La. App. 1975).

**$50,000 ($94,126.76 with inflation):** 29-year-old man injured in automobile collision; sustained contusions to both knees as result of knees hitting dashboard; right knee eventually became essentially normal; left knee developed signs of chondromalacia; possibility of cartilage tear; no longer able to participate in sports as he used to; 20 percent impairment of left knee. *Wallace v. State Farm Mut. Auto. Ins. Co.*, 509 So. 2d 466 (La. App. 1987).

**$15,000 ($96,043.11 with inflation):** 54-year-old man injured in automobile accident; left knee injury caused great chondromalacia, or painful grating and eroding away of the undersurface of the kneecap; suffered series of small strokes following accident; strokes resulted in severe continuous headaches and insomnia. *Williams v. Yellow Checker Cab Co.*, 427 P.2d 261. (N.M. 1967).

**$27,500 ($103,357.47 with inflation):** 32-year-old truckdriver injured by premises defect when making delivery; fell with forceful flexion on both knees; laceration of knee; chondromalacia both knees; surgery recommended; 20-percent permanent partial disability. *Scott v. I. L. Lyons & Co.*, 29 So. 2d 795 (La. App. 1976).

Pain-and-suffering award in favor of automobile accident victim who suffered radiculopathy and arthritic changes in neck region, herniated disc in lower back, and grade-three chondromalacia in right knee,was excessive to extent it was greater than

**$75,000 ($108,226.72 with inflation)**. No age given. *Hulsen v. Morrison*, 614 N.Y.S.2d 561. (N.Y. App. Div. 1994).

**$25,000 ($127,904.31 with inflation):** woman injured in fall; traumatic chondromalacia of the patella of left knee; permanent incurable condition. No age given. *Ward v. Enevold*, 504 P.2d 1108 (Colo. App. 1972).

**$90,000 ($129,872.06 with inflation):** 30-year-old bicyclist struck by automobile and suffered two percent partial and permanent disability of right knee cap due to residual scar tissue; physician found chondromalacia and supplemented this finding with one of chronic tendonitis, which limited repetitive knee-bending activities; bicyclist was avid bicycle rider and runner, and worked as letter carrier. *Chernetski v. Am. Family Mut. Ins. Co.*, 515 N.W.2d 283. (Wisc. App. 1994).

**$95,000 ($144,806.27 with inflation):** worker's leg and knee were injured while unloading pipe; nine months after accident, worker's diagnosis was severe contusion of medial thigh, which resulted in lack of strength, and endurance of medial hamstring; during arthroscopic surgery on knee, orthopedist found chondromalacia of kneecap and mid-third tear of lateral meniscus; worker had permanent disability ranging from 10 percent to 35 percent. No age given. *Billeaud v. Poledore*, 603 So. 2d 754 (La. App. 1992).

**$150,000 ($164,251.92 with inflation):** deputy sheriff suffered knee injury during training session; the deputy was diagnosed with left knee traumatic chondromalacia and underwent three surgeries, including major reconstructive knee surgery, and he suffered residual pain and discomfort, but was able to return to work. No age given. *Albert v. Farm Bureau Ins. Co.*, 916 So. 2d 1238 (La. App. 2005).

**$125,000 ($184,996.54 with inflation):** motor accident victim suffered injuries to her face, teeth, and knees, including chondromalacia of kneecap; presented evidence establishing that she suffered 15 percent impairment to her whole person based on 20 percent impairment in each lower extremity. Remaining life expectancy at time was 26.7 years. *Vickers v. Jessup*, 629 A2d 457 (Conn. App. 1993).

**$40,000 ($220,470.10 with inflation):** woman injured in automobile accident; tendinitis of flexor tendon of right thumb and medial nerve compression syndrome in wrist; ligament cut in wrist, releasing pressure; 25-percent limitation of motion in flexion and extension of right wrist; chondromalacia of patella of knee, with surgery recommended; several fractured ribs; 25-percent disability of lower right limb; pressure on first sacral nerve caused by herniation of fifth lumbar intravertebral disc, with laminectomy recommended. No age given. *Murphy v. Piro*, 240 So. 2d 111 (La. App. 1970).

**$53,000 ($229,906.04 with inflation):** professional dancer who was college student suffered tearing of medial meniscus, condyle fracture and resulting chondromalacia when cabinet fell on her legs; permanent impairment of leg; unable to dance professionally again. No age given. *Chenell v. Westbrook Coll.*, 324 A.2d 735 (Me. 1974).

**$200,000 ($288,604.59 with inflation):** driver collided with telephone pole, sustaining whiplash of cervical spine that accelerated process of his preexisting degenerative disc disease, and sustaining patellar chondromalacia of left knee; driver testified that he had pain in his knee on daily basis, and knee made cracking noises when he bent over; he also could no longer run and play sports, which were activities in which he had regularly engaged, and he had cracking noises and loss of motion in his neck that that he had not experienced until collision. No age given. *Patton v. City of Cleveland*, 641 N.E.2d 1126 (Ohio App. 1994).

**$250,000 ($360,755.74 with inflation):** 38-year-old plaintiff suffered injuries to knees that ultimately resulted in five surgical procedures, including orthoscopic medical meniscectomy, high tibial osteotomy, and orthoscopic lateral release for symptoms of chondromalacia. *Beoh v. Watkins*, 646 So. 2d 513 (La. App. 1994).

**$66,250 ($68,331.36 with inflation) for past pain and suffering and $348,750 ($359,706.57 with inflation) for future pain and suffering:** driver suffered two meniscus tears and chondromalacia in knee in collision with truck at intersection. *Lopez v. Consolidated Edison Co. of New York, Inc.*, 835 N.Y.S.2d 115 (N.Y. App. Div. 2007).

Police officer sustained injury to knee when he fell on patch of ice on sidewalk; officer was diagnosed as suffering from chondromalacia patellae and had two arthroscopic surgical procedures performed on knee; officer's treating physician opined that he would require future surgery, in addition to possible removal of kneecap, and that he would suffer arthritic changes in knee as well; $500,000 component of damages award for pain and suffering held excessive and remittitur would be ordered in amount of **$300,000 ($457,282.97 with inflation).** No age given. *Castellano v. New York*, 584 N.Y.S.2d 114 (N.Y. App. Div. 1992).

**$300,000 ($542,322.91 with inflation):** 56-year-old construction company employee injured when truck bumper hitch fell on leg; fractured ankle; complications included sympathetic dystrophy resulting in swelling, pain and stiffness; atrophy and eventual chondromalacia in plaintiff's knee; plaintiff had already lost his other leg 40 years previously and condition was aggravated by fact he had to place most of his weight on only remaining leg; totally disabled and can walk with extreme effort only for short periods of time; also suffered from traumatic neurosis. *Le Bleu v. Dynamic Industrial Constrs., Inc.*, 526 So. 2d 1184 (La. App. 1988).

**$330,000 ($643,909.49 with inflation):** woman injured in slip-and-fall accident; sustained injury to left knee that resulted in chondromalacia; surgery performed; thrombophlebitis developed as complication and which prevented physical therapy regimen; unable to climb stairs; 100 percent functionally disabled. No age given. *Scott v. Hosp. Serv. Dist. No. 1*, 496 So. 2d 270 (La. 1986).

**$150,000 ($186,285.71 with inflation) for past pain and suffering and $450,000 ($558,857.14 with inflation) for future pain and suffering:** 28-year-old plaintiff suffered

a torn medial meniscus, which was removed, following which degenerative arthritis began to develop, a second surgery was required three years later to allow her kneecap to return to its normal position, she continued to experience pain, swelling and buckling of the knee, she had difficulty even walking for a sustained period of time, and she could expect ongoing development of arthritic changes and chondromalacia. *Garcia v. Queens Surface Corp.*, 707 N.Y.S.2d 53 (App. Div. 2000).